BLAIR STATE BANK, APPELLANT, V. JAMES H. STEWART ET AL., APPELLEES.

FILED DECEMBER 8, 1898.   No. 8493.

1. **Voluntary Assignments:** OTHER CONVEYANCES: POWERS OF AS-SIGNEE. An assignee under a deed of general assignment cannot, without the written consent of creditors, assail a conveyance made by his assignor, except on the ground that such conveyance was in contravention of section 42 or section 43 of the assignment law. (Compiled Statutes, ch. 6.)

2. ———: FRAUDULENT CONVEYANCES. A conveyance or transfer made without any intention to contravene or evade the assignment law, and at any time when an assignment was not contemplated, is valid and will be upheld.

3. ———: ———. A mortgage which does not in its inception contravene the assignment law will not be invalidated by a general assignment for the benefit of creditors, made by the mortgagor within thirty days after the execution of the mortgage.

APPEAL from the district court of Washington county. Heard below before BLAIR, J. *Reversed.*

*Osborn & Aye* and *Clark O'Hanlon,* for appellant.

*Walton & Mummert, contra.*

SULLIVAN, J.

This case is closely related to another bearing the same title and decided herewith. (57 Neb. 58.) The action was brought by the Blair State Bank to foreclose two chattel mortgages given to it by James H. Stewart. One of these mortgages was given April 10, 1895, and the

other July 6 of the same year. Each secured the same indebtedness and covered substantially the same property. The second was apparently intended to supersede the first. On July 30, 1895, Stewart made a voluntary assignment for the benefit of his creditors. On the same day, and just before the deed of assignment was executed, the mortgage of July 6 was filed for record, and, claiming under it, the bank took instant possession of the mortgaged property. The assignee defends the action on the ground that the mortgages in question were executed in fraud of the rights of Stewart's creditors, and, also, on the ground that they are void under the provisions of the general assignment law. The findings and judgment were in favor of the assignee, and the plaintiff, by appeal, brings the record here for review.

In regard to the first defense it is only necessary to remark that the answer contains no allegation that the creditors have authorized the assignee to assail the conveyances on the theory that they were made for the purpose of hindering, delaying, or defrauding creditors of the mortgagor. Without averment and proof of such authority the defense is not available to the assignee. (*Blair State Bank v. Stewart*, 57 Neb. 58.)

Were the mortgages given in violation of the act of June 1, 1883, regulating voluntary assignments for the benefit of creditors? Sections 42 and 43 of the act are alone pertinent to this inquiry. Section 42 forbids any person who is either insolvent or contemplating insolvency from making, within a fixed period, any transfer or conveyance of his property with a view to prevent the same "from coming to the assignee in insolvency, or to prevent the same from being distributed under the laws relating to insolvency, or to defeat the object of, or to evade," the provisions of the assignment law. Section 43 forbids a debtor who is insolvent, or in contemplation of insolvency, from giving preferences, in any form, to creditors "in fraud of the laws relating to insolvency" during a period of thirty days before making an assign-

ment. The evidence conclusively establishes the fact that Stewart did not contemplate making an assignment when the mortgages in suit were executed, nor at any time prior to the day on which the assignment was made. It is equally certain that the Blair State Bank did not take its security with any idea that an assignment would shortly follow. Neither party to the transaction contemplated any fraud upon the assignment law. The conveyances were neither given nor received with a view of preventing the property involved from coming into the hands of an assignee in insolvency, or with the intention of preventing such property from being distributed under the provisions of the act relating to assignments. It is certainly the law that a debtor, though in failing circumstances, may, in the absence of statutory provisions forbidding, prefer one or more of his creditors to the exclusion and detriment of others. The transactions here considered did not contravene any provision of the assignment law. Stewart had no unlawful purpose in executing the mortgages, and the bank had no unlawful purpose in receiving them. The conveyances were legal and valid when made, and the assignment, which was Stewart's subsequent conception, could not reach back and annul them. (*Lake Shore Banking Co. v. Fuller*, 110 Pa. St. 156; *Manning v. Beck*, 129 N. Y. 1; *Benham v. Ham*, 5 Wash. 128; *Garretson v. Brown*, 26 N. J. L. 439; *Sweetzer v. Higby*, 63 Mich. 13, 29 N. W. Rep. 506.) The judgment is reversed and the cause remanded with direction to the district court to render a decree in favor of the plaintiff and carry the same into execution.

REVERSED AND REMANDED.